**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**RICARDO GONZALEZ,**

**Petitioner,**

**v.**

**DEATH PENALTY CASE**
**CASE NO: 1:08-cv-22909-WPD**

**SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,**

**DEATH WARRANT SIGNED**
**EXECUTION SCHEDULED FOR DECEMBER 1, 2026 AT 6:00 P.M.**

**Respondents.**
____________________________________/

## PETITIONER'S EXPEDITED MOTION FOR APPOINTMENT COUNSEL

Petitioner Ricardo Gonzalez's execution is scheduled for December 1, 2026 at 6:00 p.m. Time is therefore of the essence. Mr. Gonzalez timely filed a pro se motion requesting conflict-free counsel pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012) on March 22, 2013, within one year of the *Martinez* decision. Upon Mr. Gonzalez's raising of the *Martinez* claim, this Court granted the motion by Mr. Gonzalez's original federal habeas counsel (Todd Scher, whose representation is at issue with regard to the *Martinez* claim) to withdraw from the case. ECF No. 34. The Court appointed new federal counsel to address the *Martinez* claim. However, since the time of that April 17, 2013 appointment order, no activity has occurred on this Court's docket, and the counsel who was appointed (Philip Horowitz) has consented to the substitution and appointment of undersigned counsel in this federal

action inasmuch as the undersigned presently represent Petitioner in state court and have, since the issuance of the death warrant two weeks ago, devoted ongoing efforts to addressing grounds to vacate or stay the execution warrant.

The rapidly moving events being handled by undersigned state court counsel for Mr. Gonzalez make it appropriate to appoint the undersigned as replacement counsel, to which Mr. Horowitz has advised he expressly consents. Pursuant to 18 U.S.C. § 3599, 18 U.S.C. § 3001 et seq., and the Sixth and Fourteenth Amendments to the United States Constitution undersigned counsel move for immediate appointment as counsel in these federal proceedings so that the federal proceedings may be handled by the same counsel who are handling the emergency state court proceedings, given the imminent execution date of December 1, 2026 for Mr. Gonzalez. In support of this Motion, undersigned submits the following:

(1) Ricardo Gonzalez (DOC #123763) is a prisoner currently under a sentence of death in the State of Florida and resides at Florida State Prison, 23916 NW 83rd Ave, Raiford, Florida 32083.

(2) On October 30, 2026, Governor Ron DeSantis signed Mr. Gonzalez's death warrant, and his execution is scheduled for December 1, 2026.

(3) Private attorney Jeffrey Feiler had represented Mr. Gonzalez in state postconviction matters. Following the signing of Mr. Gonzalez's death warrant, Mr. Feiler requested the immediate appointment of qualified capital postconviction

counsel. Mr. Feiler stated that he presently does not meet all statutory qualifications for lead counsel representation of capital postconviction cases and sought to be substituted in the representation. The state court denied this request and instead appointed undersigned counsel, Richard Klugh, of the law firm Klugh Wilson LLC as co-counsel on November 3, 2026. Undersigned counsel had no prior familiarity with Mr. Gonzalez or his case.

(4) Since November 3, 2026, undersigned counsel have diligently and expeditiously attempted to investigate Mr. Gonzalez's case. An initial review of the available materials thus far has brought to light numerous viable claims for relief in federal court and a grave risk of injustice if the execution were to occur before resolution of such issues.

(5) When undersigned counsel reviewed the case, he discovered that Mr. Gonzalez was represented by federal counsel operating under a clear conflict of interest, including at the time that the federal AEDPA statute of limitations expired before presenting initial federal claims.

(6) Attorney Todd Scher filed Mr. Gonzalez's habeas petition under 28 U.S.C. § 2254 on October 20, 2008. ECF No. 1. However, this Court dismissed the petition as untimely filed due to state postconviction counsel's asserted mistaken belief that the filing of a "shell" postconviction motion in State court would toll the AEDPA statute of limitations. ECF No. 15. The Eleventh Circuit likewise found the

habeas petition to be untimely. *Gonzalez v. Secretary, Fl. Dept. of Corr.*, 629 F.3d 1219, 1220 (2011).

(7) Mr. Gonzalez was denied competent, conflict-free representation during his initial federal proceedings. Mr. Scher began representing Mr. Gonzalez's co-defendant Leonardo Franqui[1] in state postconviction litigation in May 2005 in a separate capital case. Mr. Scher remains counsel for Mr. Franqui in that case.

(8) Mr. Scher litigated Mr. Gonzalez's federal habeas petition at the same time he was still representing Mr. Gonzalez's co-defendant in that separate capital case. Mr. Scher owed a duty of loyalty to Mr. Franqui that conflicted with the duty of loyalty he owed to Mr. Gonzalez in his federal habeas case. Notably, in 2015, Mr. Scher also represented Mr. Franqui in the same case where he was Mr. Gonzalez's co-defendant, when Mr. Franqui's two capital cases were consolidated on appeal. *See* Florida Supreme Court cases SC2015-1630 and SC2015-1441 (successive postconviction appeals)

(9) Mr. Gonzalez filed a *pro se* motion requesting conflict-free counsel pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012) on March 22, 2013. ECF No. 29. This Court granted Mr. Scher's Motion to Withdraw and appointed new counsel (Philip Horowitz) on April 17, 2013. ECF No. 34.

---

[1] Mr. Franqui is on death row for two separate cases, including the one for which he was Mr. Gonzalez's codefendant. *See* 804 So. 2d 1185 (Fla. 2001) (codefendant case); 699 So. 2d 1312 (Fla. 1997).

(10) No activity has occurred on the docket since that appointment, and in light of the present status, the newly-viable competency and related claims in the case, the complexity and time-sensitivity of the matter, and other factors, Mr. Horowitz joins in this request for undersigned counsel to be appointed and to substitute for him as counsel appointed in this case.

(11) Under 18 U.S.C. § 3599(a)(2)(e), appointed counsel is required to continue the representation of Mr. Gonzalez "throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."

(12) Mr. Gonzalez therefore requests that this Court appoint undersigned counsel as federal habeas counsel. In order to protect Mr. Gonzalez's rights, undersigned counsel requests that this Court immediately appoint undersigned counsel as his federal habeas counsel. Section 3599(a)(2)(e) requires that a capital defendant have an attorney "throughout every subsequent stage of available judicial proceedings."

(13) Undersigned counsel, and specifically attorney Jenny Wilson, who is on the CJA Panel, is available for this appointment under § 3599. Mr. Gonzalez requires counsel in any potential federal proceedings, to include investigations,

*Martinez* review, preparations and applications to the Court to file a second or successive habeas action, end-stage litigation including competency to be executed, method-of-execution litigation, and Fed. R. 60(b) motions.[2] Appointment of undersigned counsel at this time is absolutely crucial due to Mr. Gonzalez's claims that are pending in Florida state court. Because Mr. Gonzalez's execution is set for December 1, 2026, once the Florida Supreme Court issues a ruling, federal habeas counsel must be in a position to promptly file federal court challenges to any adverse ruling.

(14) The abbreviated briefing schedule that the Florida Supreme Court imposes in the face of an active warrant must also be considered, with all appellate briefing concluded by Wednesday, November 18, 2026 at 2 pm. See Fla. Sup. Ct. Case Nos. 2026-1769 & 2026-1770. Any federal court claims must be swiftly litigated. In short, there is no margin of error for Mr. Gonzalez. He must have active federal habeas counsel appointed now.

(15) Counsel for Respondent objects object to the appointment of undersigned counsel as federal habeas counsel for Mr. Gonzalez.

(16) Undersigned counsel urgently requests this Court appoint him as federal counsel for Mr. Gonzalez.

---

[2] Undersigned counsel's appointment in the state court does not encompass federal court litigation, which is instead governed by Section 3599.

Respectfully submitted,

KLUGH WILSON, LLC
40 N.W. Third Street, PH 1
Miami, Florida 33128
Tel. (305) 536-1191

/s/ Jenny Wilson
JENNY WILSON
Florida Bar No. 1031758
jenny@klughwilson.com

/s/ Richard C. Klugh
RICHARD C. KLUGH
Florida Bar No. 305294
rklugh@klughwilson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16 2026, I served the foregoing filing by electronic transmission via CM/ECF to Counsel for Respondents from the Office of the Florida Attorney General, Nicole Smith (Nicole.Smith@myfloridalegal.com); Jennifer Davis (Jennifer.Davis@myfloridalegal.com); Paula Montlary (Paula.Montlary@myfloridalegal.com); Rick Buchwalter (Rick.Buchwalter@myfloridalegal.com); and capapp@myfloridalegal.com.

/s/ Richard C. Klugh
RICHARD C. KLUGH